IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                              Civ. No. 18-877 JAP/KK

94.594 ACRES OF LAND, MORE OR LESS,
SITUATED IN BERNALILLO COUNTY,
STATE OF NEW MEXICO *et al.*,

    Defendants.

## ORDER DENYING MOTION FOR PROTECTIVE ORDER

THIS MATTER is before the Court on Defendant Western Albuquerque Land Holdings LLC's ("WALH") Motion for Protective Order Limiting Plaintiff to a Single Deposition of Defendant Western Albuquerque Land Holdings LLC's Expert Witness (Doc. 54) ("Motion for Protective Order"), filed March 2, 2020. Plaintiff filed a response in opposition to the motion on March 9, 2020 (Doc. 59), and WALH filed a reply in support of it on March 11, 2020. (Doc. 60.) In addition, Plaintiff filed a Motion for Leave to File Sur-Reply in Opposition to Defendant's Motion for Protective Order on March 12, 2020. (Doc. 61.) Having reviewed the parties' submissions, the record, and the relevant law, and being otherwise fully advised, the Court FINDS that WALH's Motion for Protective Order is not well taken and should be DENIED. The Court further FINDS that Plaintiff's motion for leave to file a sur-reply should be DENIED AS MOOT.

In its Motion for Protective Order, WALH seeks a protective order limiting Plaintiff to one deposition of WALH's expert witness, Bryan Godfrey, pursuant to Federal Rules of Civil Procedure 26 and 30. (Doc. 54 at 1.) In general, Rule 26 permits parties to

> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the

parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

However, the Court must

limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). Rule 26(c) authorizes the Court to issue a protective order when necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The party seeking a protective order generally bears the burden of showing good cause for the requested order. *Zia Shadows, L.L.C. v. City of Las Cruces*, No. CV 09-0909 MV/WPL, 2012 WL 12931968, at *2 (D.N.M. Sept. 24, 2012).

Rule 30, in turn, provides that

[a] party must obtain leave of court [to take a deposition], and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2) . . . if the parties have not stipulated to the deposition and . . . the deponent has already been deposed in the case.

Fed. R. Civ. P. 30(a)(2)(A)(ii). "Although second depositions are generally disfavored, the Court must be careful not to deprive a party of discovery that is reasonably necessary to develop and prepare the case." *Shultzaberger v. State Farm Mut. Auto. Ins. Co.*, No. 2:17-CV-01028-KRS-CG, 2018 WL 2723783, at *2 (D.N.M. June 6, 2018) (citation, quotation marks, and ellipses omitted). The party seeking to depose a witness twice generally bears the burden of showing good cause to do so. *See id*.

Here, the Court finds that WALH has failed to show good cause for the protective order it seeks, whereas Plaintiff has shown good cause to depose Mr. Godfrey twice. According to its

response, Plaintiff wishes to depose Mr. Godfrey regarding his case-in-chief report in advance of the April 20, 2020 deadline for the parties to exchange rebuttal reports, so that Plaintiff's expert can use Mr. Godfrey's deposition to prepare a rebuttal report. (Doc. 59 at 2-3.) Plaintiff then wishes to depose Mr. Godfrey again after April 20, 2020, to ask him about *his* rebuttal report. (*Id.* at 1-3, 12.) Plaintiff convincingly explains that Mr. Godfrey's rebuttal report is likely to be significantly different from his case-in-chief report, and affirmatively states that it does not intend to use its second deposition to ask Mr. Godfrey about his case-in-chief report. (*Id.* at 4-6, 11.) The Court therefore finds that the two depositions are relevant to the parties' claims and defenses, proportional to the needs of the case, and unlikely to be cumulative or duplicative.

In response to Plaintiff's request to depose Mr. Godfrey twice, WALH offers to wait until after the parties exchange rebuttal reports to depose *Plaintiff's* case-in-chief expert. (Doc. 60 at 1.) WALH asserts that this will put the parties on an equal footing in that neither party's rebuttal expert will be able to use the deposition of the opposing party's case-in-chief expert to prepare a rebuttal report.[1] (*Id.*) However, that WALH is willing for its expert to prepare a rebuttal report without the benefit of its opponent's case-in-chief expert's deposition does not mean that Plaintiff is or should be willing to do the same. According to Plaintiff, its rebuttal expert needs Mr. Godfrey's deposition to prepare a report because Mr. Godfrey's case-in-chief report raises "unresolved questions" and does not "explain why he considered some things and didn't consider others." (Doc. 60-3 at 1.) WALH's conclusory assertion that Mr. Godfrey's report is "detailed and comprehensive" fails to effectively refute this point. (Doc. 60 at 4.)

---

[1] According to the parties, Plaintiff's case-in-chief expert and rebuttal expert are two different people, whereas WALH has hired the same person, *i.e.*, Mr. Godfrey, to fill both roles. The Court expresses no opinion about which is the better or more common practice, as these questions are not relevant to its decision.

WALH also argues that Plaintiff deposing Mr. Godfrey twice will place a "significant burden" on it, because WALH's attorney fees "will increase significantly if it is required to defend a second expert deposition," and "Mr. Godfrey's preparation time . . . will also increase as he has to prepare twice to address the valuation issues in the case." (*Id.* at 6.) It is true that, if Plaintiff were to depose Mr. Godfrey twice *about the same subjects*, it would unreasonably increase WALH's attorney fees and costs. However, this is not what Plaintiff is proposing to do. Rather, Plaintiff is proposing to depose Mr. Godfrey once about his case-in-chief report, and once about his rebuttal report. Plaintiff is clearly entitled to depose Mr. Godfrey about both reports; and, whether it does so on one occasion or two should make little difference to the parties' expenditures as long as Plaintiff does not ask duplicative questions.[2] Either way Mr. Godfrey must prepare to answer, and counsel to ask and object to, questions about both reports. And, if the parties schedule Mr. Godfrey's second deposition for shortly after he issues his rebuttal report, when it is still fresh in his mind, he should not need to engage in much if any duplicative preparation.

For these reasons, the Court DENIES Defendant WALH's Motion for Protective Order Limiting Plaintiff to a Single Deposition of Defendant Western Albuquerque Land Holdings LLC's Expert Witness (Doc. 54). Plaintiff may depose Bryan Godfrey once before the parties exchange rebuttal reports, and a second time after these reports have been exchanged. If, however, Plaintiff elects to depose Mr. Godfrey twice, it must limit its questions at the second deposition to Mr. Godfrey's rebuttal report. In light of this ruling, Plaintiff's Motion for Leave to File Sur-Reply in Opposition to Defendant's Motion for Protective Order (Doc. 61) is DENIED AS MOOT.

---

[2] If WALH's counsel must travel to attend Mr. Godfrey's depositions, then holding two depositions would admittedly double counsel's travel costs. However, there are ways to reduce such costs other than depriving Plaintiff of reasonable and appropriate discovery, for example, by having WALH's counsel attend the depositions via video-conference.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE